

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2003

# USA v. Baez

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1907

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Baez" (2003). *2003 Decisions.* Paper 169.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/169

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 02-1907

———————

UNITED STATES OF AMERICA

v.

FELIZ BAEZ,
            Appellant

———————

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 01-cr-00529-02)
District Judge:  Honorable Harvey Bartle, III

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2003

BEFORE:  SLOVITER, ROTH and STAPLETON, Circuit Judges

(Opinion Filed October 31, 2003)

———————

OPINION OF THE COURT

———————

STAPLETON, Circuit Judge:

Appellant, Feliz Baez, pled guilty to conspiring to distribute more than 500 grams of cocaine and 1,000 grams of Phencyclidine ("PCP") in violation of 21 U.S.C. § 846, distribution of a controlled substance within 1,000 feet of a school in violation of 21 U.S.C. § 860(a), possession with intent to distribute 100 grams or more of a mixture or substance containing PCP in violation of 21 U.S.C. § 860(a), and possession with intent to distribute a controlled substance within 1,000 feet of a school in violation of 21 U.S.C. § 860(a). He was sentenced to 194 months of incarceration, followed by ten years of supervised release, and a special assessment of $400.00.

Following the filing of the notice of appeal, Baez's appointed counsel filed a motion to withdraw as counsel and a brief in support of that motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). Defense counsel determined after a conscientious review of the record that "there are no non-frivolous issues for review."

In accordance with the mandate of *Anders*, we have performed an independent review of the record to determine whether it presents any non-frivolous issue. Because we conclude that it does not, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw.

In his *Anders* brief, counsel identifies two issues as arguably non-frivolous: (1) whether the sentencing guidelines were properly applied; and (2) whether trial counsel was ineffective. Baez adds four additional arguments in his supplemental *pro se* brief: (3)

whether the District Court erred in applying a ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A); (4) whether his plea agreement was knowing and voluntary; (5) whether the District Court "constructive[ly] amend[ed]" his indictment in that Counts 13 and 21 of the indictment did not reference a quantity of drugs; and (6) whether the District Court erred in sentencing him based on the quantity of narcotics attributed to the conspiracy rather than the quantity of narcotics attributed only to Baez.

After meticulous review, we are satisfied that all of the issues raised are without merit. Based on the quantity of narcotics attributed to Baez, the District Court properly set a base offense level of 34 plus 2, or 36, in accordance with U.S.S.G. § 2D1.1 and U.S.S.G. § 2D1.2(a)(1). After a stipulated two-point enhancement under U.S.S.G. § 3B1.1(b) and a three-point reduction under U.S.S.G. § 3E1.1(a) and U.S.S.G. § 3E1.1(b), Baez's total offense level was properly set at 35. Based on this offense level and Baez's criminal history, the correct guideline range was set between 188 and 235 months. The 194-month sentence imposed by the District Court was within the guideline range. Moreover, the ten years of supervised release imposed by the District Court was proper, as it is mandated by 21 U.S.C. § 841(b)(1)(A).

The claims of ineffective assistance of counsel raised by the *Anders* brief and Baez's supplemental *pro se* brief are not supported by the current record. Baez claims that his trial counsel was ineffective in that he did not understand the interplay between 21 U.S.C. § 860 and 21 U.S.C. § 841(b)(1)(A). If there be any merit to this

3

claim, it should be pursued in a 28 U.S.C. § 2255 proceeding, where an appropriate record can be developed. *See United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002).

Baez further claims that the District Court erred in applying a ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). In conjunction with his ineffective assistance of counsel claim, Baez argues that a defendant can only be sentenced under 21 U.S.C. § 841(b)(1)(A) if he has been convicted under 21 U.S.C. § 860(b). He further argues that the District Court made no specific finding of a quantity of drugs attributable to Baez to justify a sentence pursuant to 21 U.S.C. § 841(b)(1)(A). We disagree. In his plea agreement, Baez stipulated that he and his co-conspirators possessed with intent to distribute 3,896 grams of a mixture or substance containing a detectable amount of PCP and 2,350 grams of cocaine. Baez further stipulated to the accuracy of these quantities at his plea colloquy and stated no objection to these findings during sentencing. Moreover, Baez's Presentence Investigation Report attributed to him approximately 4,366 kilograms of marijuana. Given these quantities, a ten-year minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(A) was applicable.[1] We also find no basis for Baez's claim that the penalty provisions of 21 U.S.C. § 841(b)(1)(A) apply only to violations of 21 U.S.C. § 860(b).

---

[1] 21 U.S.C. § 841(b)(1)(A) applies where the defendant's violation involves "1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP)" or "1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana."

Baez further argues that his guilty plea was not knowing and voluntary because he was not informed of the nature and significance of his supervised release term. We find this to be a frivolous claim. It was explained to Baez, both in his plea agreement and at his plea colloquy, that the offenses to which he was pleading guilty carried a mandatory minimum ten years up to a lifetime of supervised release. Baez was also told that violation of his release conditions could result in further prison time. Both the plea agreement and the transcript of the plea colloquy show that Baez was informed of his rights, the nature and extent to which he was waiving his rights, and the nature of the sentencing guideline calculations in his case. His plea was knowing, intelligent and voluntary.

Nor is there any merit to Baez's claim that his indictment was "constructive[ly] amend[ed]" by the District Court. Baez argues that because no drug quantities are listed for Counts 13 or 21 of the indictment, the District Court could only have subjected him to the penalties of 21 U.S.C. § 841(b)(1)(C). According to Baez, the sentence under 21 U.S.C. § 841(b)(1)(A) therefore constituted a "constructive amendment" of the indictment. This argument, as the *Anders* brief notes, is patently frivolous. Baez's indictment was never amended by the District Court. More importantly, Baez's claim that his indictment on Counts 13 and 21 does not contain drug quantities is factually erroneous. Count 13 of his indictment clearly charges Baez with distributing approximately 5.417 grams of a mixture or substance containing a detectable

5

amount of cocaine within 1,000 feet of the Potter-Thomas Public Elementary School. Count 21 charges Baez with possession with intent to distribute and aiding and abetting and willfully causing the possession with intent to distribute approximately 75 grams of a mixture or substance containing a detectable amount of cocaine within 1,000 feet of the Potter-Thomas Public Elementary School. These quantities were repeated by the District Court and confirmed by Baez at his plea colloquy. Furthermore, as noted previously, the District Court was permitted to sentence Baez under 21 U.S.C. § 841(b)(1)(A) in connection with the additional quantities of narcotics attributed to him.

Finally, Baez argues that his sentence should have been based solely on the distribution of approximately 5.417 grams of cocaine that he himself was responsible for. Baez's argument is without merit. Under U.S.S.G. § 1B1.3(a)(1)(B), Baez's applicable guideline range may be based on "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction . . . ." In his plea agreement, Baez clearly stipulated to the drug quantities involved in his jointly undertaken criminal activity. The District Court certainly was permitted to sentence Baez based on the quantities of narcotics involved in the conspiracy to which Baez pled guilty.

Because there is no non-frivolous issue presented by the record, the judgment of the District Court will be AFFIRMED, and counsel's motion to withdraw will be granted.

6

TO THE CLERK:

Please file the foregoing Not Precedential Opinion.

/s/ Walter K. Stapleton
Circuit Judge